### In re WILLIAMS.

(Court of Appeals of District of Columbia. Submitted December 22, 1923. Decided January 7, 1924.)

#### No. 924.

1. Bail ⬉47—Application to justice of Court of Appeals refused, transcript of record not being filed.

Where defendant had not filed a transcript of the record in the Court of Appeals when he applied to a justice of that court for bail, under Court of Appeals rule 11, his application will be refused.

2. Bail ⬉42—Granting of, within discretion of court or justice before whom application made; "may."

Under Court of Appeals rule 11, providing that, where an appeal is perfected, any justice of the Supreme Court of the District "may" allow bail, and if the transcript of the record has been filed in the Court of Appeals, that court or any justice thereof "may" allow bail. Whether defendant should be granted bail is a question within the discretion of

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the justice or court before whom the application is made. as "may" should be construed as "must" only when necessary to carry out the legislative intent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, May.]

**3. Bail ⊜⟶49—After refusal by justice of Supreme Court, application may be made to Court of Appeals.**

That defendant has been refused bail by one of the justices of the Supreme Court will not prevent him from having his application considered in the Court of Appeals, after he has filed his record in that court.

**4. Bail ⊜⟶43—Liberality shown in case of misdemeanor, but not in case of felony.**

In case of a misdemeanor, much liberality is shown in admitting to bail; but this rule should be otherwise in case of a felony.

**5. Bail ⊜⟶44—Right to bail and right to appeal have no necessary relation.**

Defendant's right to bail and right to have case considered in the appellate court have no necessary relation to each other.

**6. Bail ⊜⟶49—Procedure for securing consideration of application by Court of Appeals outlined.**

Where an application for bail is made to a justice of the Court of Appeals or to that court, applicant must point out in the record what he considers is the substantial error, and serve notice of his application on the United States attorney, or the application will not be considered.

In the matter of the original application of Charles Williams for bail, or that the Court of Appeals order the trial justice to fix bail. Application denied.

James A. O'Shea, of Washington, D. C., for petitioner.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Charles Williams was convicted of unlawful traffic in narcotics and sentenced to five years in the penitentiary by the Supreme Court of the District of Columbia. He perfected his appeal to this court, and then applied to the trial justice for enlargement on bail, but his application was denied. Thereupon he asked the Chief Justice of this court to release him on bail, and, in case of refusal by him (the Chief Justice) to do so, that the court mandamus the trial justice to fix and accept bail.

[1] Our rule 11, made under the authority of Congress, and having the effect of law, provides that, where an appeal is authorized by law, and is in all respects duly perfected, the justice of the Supreme Court of the District before whom the trial was had, or any other justice of that court, may at any time during the pendency of the appeal allow and take bail of the appellant, and, if the transcript of the record of the appeal has been duly filed in this court after the appeal has been entered and perfected, this court, or any justice thereof, may allow and take bail. Williams had not filed the transcript of the record in this court at the time his application was made; therefore his application to be admitted to bail was refused. Is he entitled to a mandamus as prayed?

[2, 3] There is no constitutional or statutory provision bearing upon the subject. Under the common law a person convicted of crime has no right to bail. Before conviction he is presumed to be innocent. After conviction the contrary is true. Whether or not he shall be released on bail lies in the discretion of one of the justices or of the court mentioned in rule 11, as the case may be. The fact that he may have been refused bail by one of the justices of the Supreme Court will not prevent him from having his application considered here, after he has filed his record in this court. The application in the lower court should ordinarily be made to the justice who tries the case, for he is familiar with the evidence, the character and history of the defendant, and can dispose of the matter more intelligently than one who is not. Until the record is filed here, we can know nothing about these things. This is why rule 11 prohibits any justice of this court from entertaining the application before the filing of the record.

It is said that the word "may," where is occurs in rule 11 should be construed as equivalent to "shall" or "must." While it may be so construed under certain circumstances, it is unusual to do so. Williams v. The People, 24 N. Y. 405; Fowler v. Pirkins, 77 Ill. 271; Seiple v. Borough of Elizabeth, 27 N. J. Law, 407; Commonwealth v. Haynes, 107 Mass. 194, 196. Such construction is resorted to only where it is necessary to carry out the intention of the statute or rule. Minor v. Mechanics' Bank, 1 Pet. 46, 7 L. Ed. 47; Supervisors v. United States, 4 Wall. 435, 18 L. Ed. 419; Kelly v. Morse, 3 Neb. 224. It is not necessary to resort to it on that ground in this case. Manifestly it is the intention of the rule to vest the enlargement of the defendant on bail in the sound discretion of the justices mentioned in the rule, and of this court. There may be instances in which no error is apparent on the face of the record, while in other cases error may be quite clear, or at least a very grave doubt exists with respect to it.

[4, 5] In the case of misdemeanors, much liberality should be shown in admitting to bail; but the rule should be otherwise where the defendant has been found guilty of a felony. As to when a convicted person should be enlarged on bail is fully and very satisfactorily discussed in United States v. St. John, 254 Fed. 794, 166 C. C. A. 240. Consult, also, United States v. Gibson et al. (D. C.) 188 Fed. 396; Ex parte Harlan (C. C.) 180 Fed. 119; 6 C. J. 965, 966. It is urged that the St. John Case, ante, is not in point, because the defendant there did not have, as a matter of course, the right to have his case reviewed. But that does not distinguish the case. He had secured a writ of error before asking to have his bail fixed. The right, therefore, to have his case reviewed, was awarded to him before the question with respect to bail came up for consideration. Moreover, the right to bail in no way affects the right of a defendant to have his case considered in the appellate court. He may have an absolute right to the latter, without having any right to the former. They have no necessary relation to each other.

[6] Where an application for bail is made to a justice of this court, or to the court itself, the applicant should point out in the record what he considers is a substantial error, and notice of his application should

be served on the United States attorney before bringing the matter to our attention. Unless this is done, the application will not be considered. Many appeals are found to be without merit. The practice here outlined will, we think, have a tendency to discourage such appeals, without in any wise depriving one who has a just cause for appeal of the opportunity to have his case reviewed. Besides, experience shows that in this District quite a few of those admitted to bail after conviction cannot be found when wanted, and their sureties escape responsibility for them in one way or another. Consequently great care should be exercised in fixing and accepting bail after conviction.

The application is denied, with costs.