**BAKER et al. v. UNITED STATES.**

No. 11683.

Circuit Court of Appeals, Eighth Circuit.

Jan. 8, 1944.

Rehearing Denied Jan. 29, 1944.

For original opinion, see 115 F.2d 533.

A. G. Bush, of Davenport, Iowa, for appellants.

Sam Rorex, U.S. Atty., and Leon B. Catlett and W. H. Gregory, Asst. U.S. Attys., all of Little Rock, Ark., for appellee.

Before STONE and GARDNER, Circuit Judges, and OTIS, District Judge.

PER CURIAM.

Norman Baker was found guilty in District Court January 23, 1940. On January 25, 1940, he was sentenced to four years' imprisonment and to pay a fine of $4,000 and was taken in custody by the Marshal. On the same day he gave notice of appeal and made application to the District Court

to be released on bail pending appeal. A few days later that application was denied. On January 31, 1940, the attorneys for Baker and his co-defendants gave notice to the United States Marshal as follows: "For the time being and until further notice, the defendants elect to remain in the Pulaski County Jail, instead of beginning their sentence in the Federal Prison. It is probable that they may within the next thirty days elect to begin their sentences. If so, immediately upon such election, we will notify you." On the same day Baker himself and his codefendants, in almost identical words, gave notice to the Marshal as follows: "For the time being and until further notice, we, the undersigned, elect to remain in the Pulaski County Jail, instead of beginning our sentences in the Federal Prison. It is probable that we may within the next thirty days elect to begin our sentences. If so, immediately upon such election, we will notify you." Neither Baker nor counsel for him ever elected to begin serving his prison sentence.

Baker's appeal was perfected and was heard by this court. The judgment of the District Court was affirmed November 20, 1940. Baker et al. v. United States, 8 Cir., 115 F.2d 533. The mandate of this court was filed in the District Court March 15, 1941. From January 25, 1940, until March 15, 1941, when he was delivered to the penitentiary, a period of approximately one year and two months, Baker was detained in the Pulaski County Jail, in accordance with his election. He now moves for such a modification of the mandate as will require a modification of his commitment so so that it will show that his sentence of four years' imprisonment began to be served January 25, 1940.

What was done in this case is exactly in accordance with the provisions of Rule V of the Rules of Practice and Procedure in Criminal Cases, 18 U.S.C.A. following section 688, promulgated by the Supreme Court May 7, 1934. That Rule is: "An appeal from a judgment of conviction stays the execution of the judgment, unless the defendant pending his appeal shall elect to enter upon the service of his sentence." 292 U.S. 663, 54 S.Ct. XXXVIII. Here there was an appeal from the judgment of conviction. That fact, if Rule V means what it says and is valid, stayed the execution of the judgment against Baker, unless Baker elected to enter upon the service of his sentence. He not only did not elect to enter upon the service of his sen-

tence, but he affirmatively elected not to do it. How then does he justify his motion?

▮▮▮ The bold contention is made that the Supreme Court did not have authority to enact Rule V. The contention is that if X has been sentenced to imprisonment in the penitentiary for four years, if he appeals and, at his own election, is held in jail pending his appeal, his jail time thereafter should be credited on his penitentiary time, if the judgment is affirmed. The Supreme Court, it is argued, did not have the power to provide by Rule V that X could not have both of two inconsistent things: (1) he could not avoid the penitentiary and its ignominy and (2) at the same time be credited with serving his penitentiary sentence. But the common sense of the rule is obvious. The justice of the rule is equally obvious. X can appeal or not, as he chooses. If he desires credit on his sentence for the period of his confinement after sentence, pending appeal, he can have it, just by electing to begin service of his sentence. If he desires to escape the onus of the penitentiary pending appeal he can have that, either (a) by electing to stay in jail or (b) by giving an appeal bond, provided he is admitted to bail. The only suggestion in movant's brief of any injustice to a sentenced man in the Rule offering these alternatives is this: "An election to serve in the penitentiary would have waived and defeated Mr. Baker's right to bail." But that suggestion has no merit for these reasons: (1) A man who has been found guilty in District Court and sentenced has no absolute right to bail pending appeal; he has a right only to apply for bail; (2) He need not elect to begin serving his sentence until his application for bail has been ruled. (Baker did not elect not to begin serving his sentence until his application for bail had been denied); (3) Nothing in the Rules provides that an election to begin serving the sentence imposed constitutes a waiver of a right to apply for bail pending appeal.

▮▮▮ The contention that the Supreme Court did not have authority to enact Rule V is far fetched. The Act of March 8, 1934 (see 292 U.S. 660, also Tit. 18 U.S.C.A. § 688) provided that: "The Supreme Court of the United States shall have the power to prescribe, from time to time, rules of practice and procedure with respect to any or all proceedings after verdict, or finding of guilt by the court if a jury has

been waived, or plea of guilty, in criminal cases in district courts of the United States * * *." It was specifically provided in Section 2 of the Act that: "* * * the rules * * * may prescribe * * * the conditions on which supersedeas or bail may be allowed." In Section 3 it was provided that after the Rules "become effective all laws in conflict therewith shall be of no further force." Clearly Rule V is authorized by the broad grant of power.

■■ Of course the authority granted the Supreme Court did not empower that court to take away from any person by a procedural rule a substantial right given him by law. With that principle in mind, movant asserts that he has a substantial right given him by Section 709a, Title 18, U.S.C.A. That Section is— "Time when sentence begins to run. The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term." And that section has not been repealed. It is still the law. Rule V does not conflict with it when it is reasonably interpreted.

■ But the interpretation which movant places on Section 709a is unreasonable. Certainly if one, having been sentenced to imprisonment in a penitentiary, is committed to jail merely "to await transportation to the place at which his sentence is to be served," the sentence begins to run from the date he is committed to jail for that purpose. But in no true sense is he committed to jail "to await transportation to the place at which his sentence is to be served" when he is held in custody that he may have opportunity to move for a new trial, or to determine whether he will appeal or, having decided to appeal, to apply for bail, or when, bail having been denied, he affirmatively elects not to be transported to the penitentiary. The interpretation of the statute urged by movant distorts it. No case he cites supports that interpretation. The record does not show that Baker was committed to jail "to await transportation to the place at which his sentence [was] to be served."

The motion to modify the mandate should be and is denied.