**In the Matter of William E. WHITNEY, Petitioner, Appellant.**

**No. 7497.**

United States Court of Appeals, First Circuit.

Jan. 13, 1970.

Before ALDRICH, Chief Judge, and McENTEE . and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Whitney, having been denied a writ of habeas corpus by the district court, seeks to make the same request of us. Construing this as a request for a certificate of probable cause for appeal, and a very similar question having fortuitously been extensively briefed and argued in Marchand v. Director, U. S. Probation Office, 421 F.2d 331 (1st Cir., Jan. 13, 1970), which we dismissed this day as moot, we will dispose of the case on the merits.

Whitney alleges that he is held without bail for an alleged violation of his state probation and that he has a constitutional right to bail pending decision on his violation.[1] Even if we were to assume that the Eighth Amendment is applicable to the states and that there is an absolute right to bail pending trial, we would not agree that petitioner has any constitutional claim.

Bail developed in English law as a pre-trial institution[2] designed to deal with problems peculiar to that stage of the criminal process. When an individual is formally charged with having committed a crime, society is faced with a dilemma. The appearance of the defendant for trial must be secured. Yet until the accused is proved guilty we are loathe to incarcerate him because of the possibility of thereby punishing an innocent man. While freeing the accused before trial may serve other ends, such as enabling him to assist in preparing his defense, the bail system is preeminently an attempt to reconcile the conflict between the presumption of innocence and the interests of society. Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (Douglas, Circuit Justice, 1960); Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); United States v. Motlow, 10 F.2d 657 (Butler, Circuit Justice, 7 Cir., 1926); 3 C. Wright, Federal Practice

---

1. This case is not moot. Petitioner is currently incarcerated in a state institution pending a decision in the probation revocation proceeding.

2. Foote, The Coming Constitutional Crisis in Bail, 113 U.Pa.L.Rev. 959, 968–89 (1965); *see* Note, Bail: An Ancient Practice Re-examined, 70 Yale L.J. 966, 966–70 (1961).

and Procedure: Criminal § 761; Note, Bail, An Ancient Practice Reexamined, *supra* note 2; Comment, Right to Bail, 51 Mich.L.Rev. 389, 393 (1953); *see* Address by Garrett H. Byrne, May 28, 1964, in Proceedings, National Conference on Bail and Criminal Justice 160, 171 (1964) [hereinafter cited as National Bail Conference]; Foote, The Coming Constitutional Crisis in Bail, *supra* note 2, at 965–89 (1965); Address by Herman Goldstein, May 28, 1964, National Bail Conference 151, 156.

■■■ Probation revocation is an entirely different stage of the criminal-correctional process. The probationer has been convicted of a crime, subjected to the sanctions prescribed by law, and has been granted conditional release in order to serve the interests of society. The interests which the government may protect at this stage of the process are properly much broader than before trial. Since a conviction has been obtained, for example, it is hardly unreasonable to use incarceration pending the revocation hearing to protect society against the possible commission of additional crimes by the probationer. There is no presumption of innocence in the probation revocation process, at least not in the sense in which the phrase is used with reference to the criminal process.[3] Hence, when a probationer is incarcerated pending a hearing, the balance of interests is not the same as that involved in confining an accused who has not been found guilty. This is a fundamental distinction from the pre-trial stage which, in our view, renders the Eighth

Amendment inapplicable. We therefore hold that the Eighth Amendment does not guarantee a right to bail pending revocation of probation.[4]

Affirmed.

---

3. Although revocation of probation is within the discretion of the court, it may not be revoked arbitrarily. *E. g.*, Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Douglas v. Sigler, 386 F.2d 684, (8th Cir. 1967); Genet v. United States, 375 F.2d 960 (10th Cir. 1967). This, in our view, falls far short of a presumption of innocence in the conventional sense.

4. *See* United States v. Motlow, supra, 10 F.2d at 662; Baker v. United States, 139 F.2d 721, 722 (8th Cir. 1944); Ex parte Harlan, 180 F. 119, 135 (C.C.N.D.Fla.

1909); aff'd without consideration of the point sub nom. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101 (1910); Iles v. Ellis, 264 F.Supp. 185 (S.D.Ind.1967); United States v. Piper, 227 F.Supp. 735 (N.D.Tex.1964); United States v. Kazuyuki Fujimoto, 14 F.R.D. 448 (D.Haw.1953) (by implication); United States v. Fiala, 102 F.Supp. 899 (W.D.Wash.1951); *cf.* In re Williams, 54 App.D.C. 65, 294 F. 996, 998 (1924); United States v. Di Candia, 159 F.Supp. 179 (S.D.N.Y.1958); 3 C. Wright, *supra* at § 767 (1969).