■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SERAFINO GATTI, Respondent-Appellant, v. MICHAEL AMICO, as Sheriff of Erie County and as Agent of the New York State Board of Parole, Appellant-Respondent.— Judgment unanimously reversed on the law and petition and writ dismissed without costs. Memorandum: Respondent appeals from a judgment of Erie County Court which on return of a writ of habeas corpus released relator on bail pending a parole revocation hearing. Relator, a paroled prisoner, was in custody pursuant to a Parole Board warrant for retaking and detaining him issued in accordance with the provisions of section 216 of the Correction Law. ¶ Appellant contends that the court lacked authority to release an alleged parole violator on bail. " The subject of bail is one which, in this State, is regulated by statute, the court having only such authority to direct the release of a prisoner upon bail and to accept recognizance as is granted by statute" (*People* v. *Wirtschafter,* 305 N. Y. 515, 519). In *People ex rel. Little* v. *Monroe* (38 A D 2d 398, 399) the Second Department, in deciding that a prisoner held on a parole detainer warrant is not entitled to bail, said, " The CPL has carefully delineated the right to bail. * * * The terms under which bail shall be granted are clearly stated in the statute. (see CPL 510.20, 530.10, 530.40)". The court found that such provisions authorized release on bail only in a criminal action or proceeding and that a parole revocation proceeding is not a criminal action or proceeding and said, "We are of the opinion that the relator is not entitled either to bail or to release; and we dismiss the petition and the writ." We hold that the County Court lacked authority to release relator on bail. (Appeals from judgment of Erie County Court discharging relator from custody upon depositing bail.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.

■ BURL V. KEEN, Respondent, v. VILLAGE OF PENN YAN, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: On September 1, 1971 petitioner sought leave to file a late notice of claim. He alleged that on May 15, 1971 he took a dozen sleeping pills and was arrested later that day on a charge of public intoxication. He further alleged that on May 15 and 16, while in the Village of Penn Yan jail, he suffered lacerations and contusions of the skull and from May 16 to June 4 was in a hospital, and that from May 16 to the time of making the application, he was despondent, unable to concentrate and suffered memory lapses. ¶ Petitioner does not claim to have sought any medical treatment after June 4 and there is no medical proof that he was disabled from June 4 to August 14, the last day for filing a notice of claim. The record does not support a finding that petitioner was unable to serve a notice of claim within 90 days due to physical disability (*Bregman* v. *New York City Tr. Auth.* 34 A D 2d 929). (Appeal from order of Yates Special Term granting motion to file late notice of claim.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.