**UNITED STATES ex rel. Dana MASON, Petitioner,**

v.

**Michael AMICO, Sheriff of Erie County, and Paul J. Regan, Chairman of the Division of Parole of the New York State Department of Correctional Services, Respondents.**

Civ. No. 1973-314.

United States District Court,
W. D. New York.

July 6, 1973.

Herman Schwartz, Leonard J. Klaif and Philip B. Abramowitz, Buffalo, N.Y., for petitioner.

James L. Magavern, Erie County Atty. (Bruce Goldstein, Buffalo, N. Y., of counsel), for respondent Michael Amico.

Louis J. Lefkowitz, Atty. Gen. (Douglas S. Cream, Buffalo, N. Y., of counsel), for intervening respondent Paul J. Regan.

CURTIN, District Judge.

In this action for a writ of habeas corpus commenced by petition and order to show cause, petitioner alleges that he is held without bail as an alleged parole violator and that he has a constitutional right to bail pending a decision on that violation. The parties, by a stipulation dated July 2, 1973, have agreed that Paul J. Regan shall intervene as a respondent.

■ Before a state prisoner can apply to the federal courts for habeas corpus relief, Title 28, United States Code, Section 2254 provides that he must exhaust his state court remedies "unless . . . it appears . . . that there is . . . the existence of circumstances rendering such process ineffective to protect the rights of prisoner." The court finds that, in the light of People ex rel. Gatti v. Amico, 39 A.D.2d 826, 333 N.Y.S.2d 103 (4th Dept. 1972); 30 N.Y.2d 955, 335 N.Y.S.2d 705, 287 N.E.2d 394 (N.Y.Ct.App. 1972), dismissed as moot, recourse to the state courts would be futile and thus the matter is properly before this court.

■ Turning to the merits, the court finds that detention pending a parole revocation hearing presents a situation entirely different from detention pending and during a criminal prosecution, and thus the granting of bail to a suspected parole violator is not constitutionally required.

The Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), found that revocation of parole is not a part of a criminal prosecution:

Parole arises after the end of the criminal prosecution, including imposition of sentence. . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. 408 U.S., at 480, 92 S.Ct. at 2600.

The parolee has been convicted of a crime and thus the interests the government may protect in denying bail to a suspected parole violator are, as discussed in *Morrissey,* much broader than before trial. In In re Whitney, 421 F.2d 337 (1st Cir. 1970), a case involving the denial of bail pending revocation of probation,[1] the court said that there is no presumption of innocence in the probation revocation process in the sense that phrase is used in the criminal process. In that case, it was held that "when a probationer is incarcerated pending a hearing, the balance of interests is not the same as that involved in confining an accused who has not been found guilty. This is a fundamental distinction from the pre-trial stage which, in our view, renders the Eighth Amendment inapplicable."

On the facts presented in this petition, the court finds that the Constitution does not guarantee a right to bail pending a decision on a charge of parole violation. Petition is dismissed.

So ordered.

1. In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court found that the revocation of probation where sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole.