**UNITED STATES of America**

v.

**Johnny B. SAMPLE.**

**Cr. A. No. 71–575.**

United States District Court,
E. D. Pennsylvania.

March 1, 1974.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Frederick R. Herman, Philadelphia, Pa., for petitioner.

### MEMORANDUM

HUYETT, District Judge.

Petitioner, Johnny B. Sample, was arrested on February 27, 1974, pursuant to a warrant of arrest issued by this court. Petitioner is charged with violation of the probation to which he was sentenced by this court on March 19, 1973. It is alleged by the Government that petitioner has continued in the criminal activity for which he had been found guilty and that he has made threats on the lives of prospective government witnesses. A preliminary hearing to determine whether probable cause exists to revoke petitioner's probation is scheduled for March 1, 1974. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). On February 27th, we held a hearing to determine whether bail should be granted pending final determination of revocation of probation.

We begin with the proposition that admittance to bail pending revocation of probation is a matter within the discretion of the court. There exists no constitutional right to bail pending revocation of probation. In re Whitney, 421 F.2d 337 (4 Cir. 1970); U. S. ex rel. Mason v. Amico, 360 F.Supp. 1344 (W. D.N.Y.): In re Law, 109 Cal.Rptr. 573, 513 P. 621 (1973); Martin v. State, 517 P.2d 1389 (Alaska S.Ct.1974). As stated in *Whitney:*

> Probation revocation is an entirely different stage of the criminal-correctional process. The probationer has been convicted of a crime, subjected to the sanctions prescribed by law, and has been granted conditional release in order to serve the interests of society. The interests which the government may protect at this stage of the process are properly much broader than before trial. Since a conviction has been obtained, for example, it is hardly unreasonable to use incarcera-

**44**

tion pending the revocation hearing to protect society against the possible commission of additional crimes by the probationer. There is no presumption of innocence in the probation revocation process, at least not in the sense in which the phrase is used with reference to the criminal process. Hence, when a probationer is incarcerated pending a hearing, the balance of interest is not the same as that involved in confining an accused who has not been found guilty. This is a fundamental distinction from the pretrial stage which, in our view, renders the Eighth Amendment inapplicable. We therefore hold that the Eighth Amendment does not guarantee a right to bail pending revocation of probation.

In re Whitney, 421 F.2d *supra*, at 338 [footnote omitted].

Nor does any statute of the United States entitle an individual to bail pending probation revocation. The Bail Reform Act of 1966, 18 U.S.C. § 3141 et seq. speaks only to the issue of bail after arrest until final appeal.

Fed.R.Crim.P. 32(f) states that the "defendant may be admitted to bail pending such [probation revocation] hearing."

In exercising our discretion to admit petitioner to bail pending revocation of probation, we consider the following factors: (1) the nature of the charges constituting the basis for revocation; (2) the threat to society posed by the petitioner's freedom pending revocation and, (3) efforts made by the petitioner to rehabilitate himself.

Having considered these factors at a hearing held to determine whether bail should be allowed, we denied petitioner bail. The government's charges involve continued violations by petitioner similar in nature to the charges for which he was found guilty. Furthermore, the government maintains that petitioner has threatened prospective government witnesses. Although petitioner's probation officer testified that he thought petitioner was doing well in conforming to the probation conditions, the government asserts that electronic surveillance demonstrates that petitioner has made threats on persons. The existence of surveillance and the partial content of a recording made as a result of the surveillance lend credence to the government's assertions.

For the reasons offered by the government, we declined to grant petitioner bail pending revocation.