John E. SCHMIDT, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 88A01–0008–PC–290.

Court of Appeals of Indiana.

April 3, 2001.

David A. Smith, McIntyre & Smith, Bedford, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

John E. Schmidt appeals the denial of his petition for post-conviction relief. Specifically, Schmidt contends that he is entitled to relief because he was wrongfully denied the right to assistance of counsel before entering his guilty plea and the opportunity to obtain his release upon posting bail. Because we find that Schmidt voluntarily waived his right to assistance of counsel and he was not entitled to bail until he went before the judge for his initial hearing, we affirm.

### Facts and Procedural History

In November of 1998, Schmidt and his friend, Todd Bankston, both Louisiana residents, traveled to Indiana for a hunting trip. As they were leaving Indiana to return home on Sunday, November 15, 1998, a Washington County sheriff's deputy stopped Schmidt and Bankston. Subsequently, two officers from the Indiana Department of Natural Resources arrived on the scene, questioned Schmidt and Bankston about their hunting activities, and performed a consensual search of Schmidt's truck. Schmidt and Bankston were arrested and taken to the Washington County jail.

Schmidt recalls initially being told that he was going to be held subject to a two hundred dollar bond. However, later he was informed that pursuant to the local bond schedule, he was ineligible for immediate release because he was an out of state resident. The prosecutor filed informations on November 17, 1998, charging Schmidt with three counts: (1) illegal selling or shipping of a wild animal, a class C misdemeanor;[1] (2) illegal possession of a whitetail deer, a class C misdemeanor;[2] and (3) false informing, a class B misdemeanor.[3] A judge made a probable cause determination on November 17 and bail was fixed in the sum of $3,500.00 surety, $15,000.00 property, or $550.00 full cash.

Schmidt's attorney in Louisiana, Douglas Howard, tried to call Schmidt on several occasions while Schmidt was incarcerated. However, Howard was unable to speak with Schmidt. Schmidt was able to call Howard from the jail, but Howard was unavailable at the time of Schmidt's telephone call.

Schmidt and Bankston appeared in court for their initial hearing on November 18, 1998. After consulting with the deputy prosecutor, each executed a plea agreement without the assistance of counsel. Before accepting the plea, the trial court advised Schmidt of his rights, including his right to counsel. Schmidt informed the trial court that he intended to proceed without a lawyer, pleaded guilty to illegal shipping of a whitetail deer and false informing, and signed a written plea agreement. The court accepted Schmidt's plea and plea agreement, and sentenced him.

Subsequently, Schmidt filed a Motion for Post–Conviction Relief alleging that his pleas of guilty should be vacated as he was deprived of his rights to bail and counsel. Further, he complained of coercion, and

---

1. IND.CODE § 14–22–38–3.

2. IND.CODE § 14–22–38–2.

3. IND.CODE § 35–44–2–2.

that his plea improperly resulted in the confiscation of his property and forfeiture of his ability to hunt in Indiana. At his PCR hearing, Schmidt testified that he entered the guilty pleas because he thought it was the only way he could get out of jail, and he feared that the truck in which he and Bankston were riding, but which they did not own, would be confiscated. Upon review of the plea/sentencing hearing transcript, the post-conviction court concluded that Schmidt's guilty pleas were entered knowingly and voluntarily and he was not deprived of the right to counsel or bail prior to the entry of the pleas. This appeal ensued.

### Discussion and Decision

Schmidt asserts that the post-conviction court wrongfully denied his petition for post-conviction relief. The petitioner bears the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied*. Upon review, we may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court, which is the sole judge of the evidence and the credibility of the witnesses. *Blunt–Keene v. State*, 708 N.E.2d 17, 19 (Ind.Ct.App.1999). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.*

In particular, Schmidt alleges that the post-conviction court erroneously denied his petition because he was wrongfully deprived of the right to assistance of legal counsel and the opportunity to post reasonable bail as coercive tactics to obtain his guilty plea. Schmidt argues that he felt pressured to accept the plea because

he believed "he was in essence trapped in Indiana and his only way out was to plead guilty and spend the remainder of the seven actual days due in the Washington County Jail in order to be able to go home." Appellant's Brief at 15.

### Rights of the Accused

Indiana Code section 35–33–7–5 affords certain rights to the accused. In particular, it provides:

> At the initial hearing of a person, the judicial officer shall inform him orally or in writing:
>
> (1) *that he has a right to retain counsel* and if he intends to retain counsel he must do so within:
>
> > (A) twenty (20) days if the person is charged with a felony; or
> >
> > (B) ten (10) days if the person is charged only with one (1) or more misdemeanors;
>
> after this initial hearing because there are deadlines for filing motions and raising defenses, and if those deadlines are missed, the legal issues and defenses that could have been raised will be waived;
>
> (2) that he has a right to assigned counsel at no expense to him if he is indigent;
>
> (3) that he has a right to a speedy trial;
>
> (4) *of the amount and conditions of bail;*
>
> (5) of his privilege against self-incrimination;
>
> (6) of the nature of the charge against him; and
>
> (7) that a preliminary plea of not guilty is being entered for him and the preliminary plea of not guilty will become a formal plea of not guilty:
>
> > (A) twenty (20) days after the completion of the initial hearing; or
> >
> > (B) ten (10) days after the completion of the initial hearing if the person is

charged only with one (1) or more misdemeanors;

unless the defendant enters a different plea.

In addition, the judge shall direct the prosecuting attorney to give the defendant or his attorney a copy of any formal felony charges filed or ready to be filed. The judge shall, upon request of the defendant, direct the prosecuting attorney to give the defendant or his attorney a copy of any formal misdemeanor charges filed or ready to be filed.

IND.CODE § 35–33–7–5. (emphasis added). Schmidt contends that he was denied two of these rights: the right to assistance of counsel and the right to bail.

## A. Right to Assistance of Counsel

■■■ Schmidt claims that he was denied access to legal assistance prior to entering his guilty plea. However, the record is replete with indications that Schmidt was advised both orally and in writing of his right to assistance of counsel, but he freely and voluntarily chose to proceed without a lawyer. We note, further, that Schmidt, from the jail, placed a call to his lawyer-friend, Douglas Howard, in Louisiana. Moreover, we conclude that it is of no consequence that Howard was not permitted to speak with Schmidt when Howard initiated the call. While it may be true that an accused has the right to consult with counsel, events occurring outside the presence of the suspect and entirely unknown to him surely can have no bearing on the capacity to comprehend and knowingly relinquish a constitutional right. *Moran v. Burbine*, 475 U.S. 412, 422, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). In sum, whether or not Howard was trying to reach Schmidt did not affect the voluntariness of Schmidt's waiver of his right to counsel.

## B. Right to Bail

Schmidt next maintains that he was denied the right to post bail in an effort to coerce him into pleading guilty. He directs our attention to Indiana Constitution, Article 1, section 17, which provides that "[o]ffenses, other than murder or treason, shall be bailable," to support his proposition that "in Indiana ... nearly all offenses are subject to release on bail before *hearing* or trial." Appellant's Brief at 16. (emphasis added). While we do not refute that it is a correct statement of the law that nearly all offenses are bailable pending trial, *see Ray v. State*, 679 N.E.2d 1364, 1366 (Ind.Ct.App.1997), Schmidt misstates the law by asserting that an accused has a right to bail before a hearing.

■■■ The Indiana Constitution, while recognizing there exists a right to bail pending trial, is silent regarding when the right to bail attaches. Notably, neither the Indiana Constitution nor Indiana Code section 35–33–7–5 gives an accused the right to immediate bail. Indiana Code section 35–33–7–5(4) does, however, specify that an accused must be informed of the amount and conditions of his bail at the initial hearing.[4] Therefore, we find that while a judge, in her discretion, may allow bail to be posted immediately after arrest, a right to bail does not vest until the initial hearing.

In the instant case, bail was set at the same time as the probable cause determination. However, Schmidt was not informed of the terms of his bail before he pleaded guilty at his initial hearing. Hav-

---

4. We note Indiana Code § 35–33–7–1 mandates that "a person arrested without a warrant for a crime shall be taken *promptly* before a judicial officer." (emphasis added). In the instant case, Schmidt was brought before a judicial officer within 72 hours of his arrest for his initial hearing. Accordingly, we find that his initial hearing was prompt.

ing found that Schmidt was not informed of the amount and conditions of his bail in accordance with Indiana Code section 35–33–7–5(4), we must decide what bearing this has on Schmidt's guilty plea.

Contrary to Schmidt's argument, we do not find that his guilty plea was coerced by virtue of the fact that he was not advised of the amount and conditions of his bail prior to entering his plea of guilty. We admit that whether an accused was informed of the amount and conditions of his bail, at or before his initial hearing, is one factor that a court should consider in determining whether a plea is free and voluntary. However, we find that the post-conviction court considered this fact and, in light of Schmidt's testimony that he was not being coerced or threatened and that he was entering his guilty plea freely and voluntarily, decided that Schmidt's plea was, in fact, free and voluntary.

More importantly, however, we note that Schmidt waived his right to be informed of the amount and conditions of his bail when he freely and voluntarily chose to enter a guilty plea at his initial hearing. The judge accepted the terms of the plea agreement and sentenced him. Once an accused pleads guilty and a judge sentences him, he no longer is entitled to bail. *See Tyson v. State,* 593 N.E.2d 175, 181 n. 1 (Ind.1992) (reiterating that "[t]he provision of our Constitution (section 17, art. 1) that 'offenses other than murder

and treason, shall be bailable by sufficient sureties,' means that before trial, and while the presumption that the accused is innocent obtains, the accused, except when charged with treason or murder, may be let to bail.").[5] Thus, we find that Schmidt forfeited his right to be informed of the amount and conditions of his bail at his initial hearing when he entered a plea of guilty.

Schmidt fails to convince this court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. Hence, we decline Schmidt's invitation to disturb his convictions.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

5. Moreover, our supreme court, in *State ex rel. Dorton v. Circuit Court of Elkhart County,* posited:

> It is important to distinguish between pre-trial and post-conviction bail. This Court has held, "(t)he right to give bail before conviction prevents the infliction of punishment prior to an adjudication of guilt and permits the unhampered preparation of a defense. It is a traditional and a cherished right." *Bozovichar v. State,* (1952) 230 Ind. 358, 361, 103 N.E.2d 680, 681. *See also, In*

> *re Whitney,* (1970) 421 F.2d 337 (1st Cir.). However, after conviction the balance shifts. Once a person has entered a plea of guilty, or has been found guilty by a jury or court, the presumption of innocence has been extinguished. The necessity to protect society against further criminal acts by a convicted, but unpunished, person outweighs society's interest in protecting persons who may have a reversible conviction. 274 Ind. 373, 376, 412 N.E.2d 72, 74 (1980).