**UNITED STATES of America**

v.

**Gilberto RAMOS, Defendant.**

**No. 02–cr–30007–MAP.**

United States District Court,
D. Massachusetts.

Oct. 21, 2010.

Todd E. Newhouse, United States Attorney's Office, Springfield, MA, for United States of America.

**MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION TO DISMISS COMPLAINT TO REVOKE SUPERVISED RELEASE** (Dkt. No. 91)

PONSOR, District Judge.

## I. *INTRODUCTION*

On December 19, 2002, Defendant Gilberto Ramos pled guilty to various drug-related crimes and was sentenced to a term of eighty-seven months imprisonment and five years of supervised release. Defendant's supervised release period began on May 8, 2009. Eight months later, on January 21, 2010, Defendant was arrested for possession of heroin in violation of Mass. Gen. Laws ch. 94C, § 34. Criminal proceedings subsequently commenced in Holyoke District Court, and revocation proceedings commenced in this court.

Defendant moved to dismiss the Government's complaint seeking revocation of supervised release on the ground that 18 U.S.C. § 3583(e)(3)[1] violates the Fifth and Sixth Amendments to the United States Constitution. On September 20, 2010, the court denied Defendant's motion by marginal notation, citing *United States v. Work,* 409 F.3d 484 (1st Cir.2005). Defendant has now moved for reconsideration.

## II. *DISCUSSION*

Defendant argues that proceedings concerning a purported violation of the conditions of supervised release warrant the protections that accompany any accusation

---

1. 18 U.S.C. § 3583(e)(3) states in relevant part:

    The court may ... revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release....

of a crime: the right to a grand jury indictment, the right to a jury trial, the presumption of innocence, the government's requirement to prove guilt beyond a reasonable doubt, and the right to effective assistance of counsel.

Central to Defendant's argument is his contention that a proceeding seeking revocation of supervised release is tantamount to an accusation of criminal offense, specifically, contempt of court. Defendant points out that, like contempt proceedings, revocation of supervised release proceedings seek to *"punish disobedience* with a judicial order." *United States v. Marquardo,* 149 F.3d 36, 40 (1st Cir.1998). *See also United States v. Henry,* 519 F.3d 68, 73 (1st Cir.2008) ("[C]ontempt proceedings are not intended to punish conduct proscribed as harmful by the general criminal laws but rather to vindicate the authority of the court.") (quotations omitted).

Following this logic, Defendant argues that because "[c]riminal contempt is indistinguishable from the violation of any ordinary criminal law, and it is a crime to which the jury trial provisions of the Constitution apply," *Bloom v. Illinois,* 391 U.S. 194, 202, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), so too supervised release proceedings should warrant the same constitutional protections. This is particularly true, according to Defendant, because the lengthy term of imprisonment that can be imposed for such violations renders the crime a "serious offense." (Def's. Supp. Mem. of Law at 4, citing *Duncan v. Louisiana,* 391 U.S. 145, 162, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (crime punishable by two years was "serious" crime warranting right to jury trial).)

■ The court is still not persuaded. The flaw in Defendant's argument is his failure to account for the curtailed liberty interests at stake in supervised release proceedings. The First Circuit has described a defendant on supervised release as enjoying only "conditional liberty." *United States v. Pagan–Rodriguez,* 600 F.3d 39, 41 (1st Cir.2010). A defendant's post-incarceration release is a "conditional release in order to serve the interests of society ... [which] at this stage of the process are properly much broader than before trial." *In re Whitney,* 421 F.2d 337, 338 (1st Cir.1970). In this respect, violations of supervised release are analogous to parole violations, where "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ Moreover, the First Circuit's clear and consistent holdings on this matter establish that " 'the full panoply of rights due a defendant' " in a criminal proceeding " 'does not apply to supervised release revocation proceedings.' " *United States v. Rondeau,* 430 F.3d 44, 47 (1st Cir.2005) (quoting *Morrissey,* 408 U.S. at 480, 92 S.Ct. 2593). *See also United States v. Smith,* 500 F.3d 27, 31 (1st Cir.2007) ("violation of a supervised release condition is not a 'criminal offense' in violation of an 'Act of Congress' that is 'triable' in federal court"); *Work,* 409 F.3d at 491–92 ("[T]he accused must be accorded a suitable panoply of due process protections. The process that is due, however, does not encompass the full sweep of the Sixth Amendment's prophylaxis."); *United States v. Czajak,* 909 F.2d 20, 24 (1st Cir. 1990) ("[W]e can find no constitutional requirement that, in a probation revocation hearing predicated on alleged violation of a criminal law, a probationer be granted a jury trial, or that commission of the crime be proven beyond a reasonable doubt."); *In re Whitney,* 421 F.2d at 338 ("no pre-

sumption of innocence in the probation revocation process").

Similarly unavailing is Defendant's argument that the proceedings concerning supervised release violations must be reexamined in light of new case law, specifically *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In fact, the *Booker* Court explicitly upheld 18 U.S.C. § 3583 as "perfectly valid." *Booker*, 543 U.S. at 259, 125 S.Ct. 738. Moreover, *Blakely's* imposition of limits on increases in penalties beyond the statutory minimum is inapposite to supervised release proceedings where the "procedure for revocation of supervised release and imposition of a prison term is governed, not by the sentencing guidelines, but by 18 U.S.C. § 3583(e)(3)." *United States v. McInnis*, 429 F.3d 1, 4 (1st Cir.2005).

Accordingly, the court's initial denial of Defendant's motion to dismiss on the authority of *Work* was proper. As *Work* held, "once the original sentence has been imposed in a criminal case, further proceedings with respect to that sentence are not subject to Sixth Amendment protections." 409 F.3d at 491.

## III. *CONCLUSION*

For the foregoing reasons, Defendant's Motion for Reconsideration of Defendant's Motion to Dismiss the Complaint to Revoke Supervised Release (Dkt. No. 91) is hereby DENIED.

It is So Ordered.