COMMONWEALTH *vs.* HENRY McCONNELL.

Suffolk.    November 26, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Right of Defendant in Criminal Case to make unsworn Statement to Jury — Objection to Prosecutor's Comment on such Statement — Trial.*

A person on trial for a crime not capital, who is defended by counsel, has no right to make an unsworn statement of facts to the jury.

If a person on trial for a crime not capital, who is defended by counsel, is allowed to make an unsworn statement of facts to the jury, he has no ground of exception to a comment upon the weight to be given to such statement, and not upon his failure to testify, made by the prosecuting attorney in his argument to the jury, but which is afterwards withdrawn, upon the defendant's objection.

INDICTMENT, for receiving stolen goods on January 29, 1894, at Boston. At the trial in the Superior Court, before *Bond, J.*, the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. E. Bates,* for the defendant.

*M. J. Sughrue,* Second Assistant District Attorney, for the Commonwealth.

BARKER, J. The defendant was tried upon an indictment charging him with the offence of receiving stolen goods, and was defended by counsel. After the close of the evidence for the prosecution, the defendant's wife and one Sullivan were sworn for the defence, and counsel then stated that the defendant did not wish to testify, but wished to make a statement to the jury before the introduction of the testimony of his witnesses, and saying that the testimony would be better understood and appreciated after the defendant's personal statement, moved that the defendant might be allowed to make his own statement at the outset, and as prefatory to the testimony to be submitted in his

behalf. This motion was denied, the court requiring the defendant to submit all testimony in his behalf before making any personal statement; and the defendant excepted. After the wife and another witness had testified for the defendant, he began to make a statement to the jury, when the district attorney interrupted, saying that he wished to call witnesses in rebuttal of the wife's testimony; and he was allowed to recall a witness, who contradicted certain material evidence given in the defendant's favor by his wife. The defendant was then allowed to make a statement to the jury, after which the case was argued to them by his counsel.

The district attorney, in his closing argument, began to explain to the jury how the statement of the defendant differed from testimony, the prosecution having had no opportunity to cross-examine the defendant. To this explanation the defendant excepted; whereupon the district attorney ceased to remark upon the subject, withdrew what he had said with reference to it, and asked the jury not to consider what he had said; and no further allusion was made thereto.

The defendant now contends that he had an absolute right to make the unsworn statement as a part of his defence, and to introduce it as prefatory to the testimony of his witnesses, and that it was error for the court to compel him to postpone and to subordinate his personal statement to the testimony of the other witnesses, and to allow an interruption of his statement by the interpolation of evidence in contradiction of his witnesses; and also that the comment of the district attorney was a serious error, which, in the absence of appropriate instructions, was not cured by the withdrawal of the remarks.

There was also an exception to the refusal to strike out such of the testimony as related to articles included among the stolen goods and not produced at the trial; but this exception was not argued, and is waived.

It is evident from this statement of the case that the trial was in several respects irregularly conducted; but we find no error prejudicial to the defendant, and his exceptions must be overruled.

He relies upon the following cases: *Rex* v. *O' Coigly*, 26 How.

St. Tr. 1191, 1374; *Rex* v. *Watson*, 32 How. St. Tr. 1, 20, 538; *Rex* v. *Thistlewood*, 33 How. St. Tr. 682, 894; *Regina* v. *Beard*, 8 C. & P. 142; *Regina* v. *Malings*, 8 C. & P. 242; *Regina* v. *Butcher*, 2 Mod. & Rob. 228; *Regina* v. *Manzano*, 2 F. & F. 64. But in none of these cases, nor elsewhere in the law, is there authority for the position that a defendant who has the right to testify in his own defence if he chooses, and who is defended by counsel, has an absolute right to make an unsworn assertion of facts as a part of his defence, and to introduce it as prefatory to the testimony of witnesses on his behalf. On the contrary, it is fairly to be deduced from the cases cited, and it is the settled and correct practice here, that, save in capital cases, a person upon trial for crime who is defended by counsel has no absolute right to make as a part of his defence any unsworn statement as a statement of fact. In prosecutions for high treason in England, and in capital trials here, it has been the practice to allow the prisoner, at some stage of the trial, to make to the jury such a statement as he might choose. But in trials for treason in England, the proper time for the statement was not only after the conclusion of the evidence, but after the argument of his own counsel. See *Rex* v. *Watson*, 32 How. St. Tr. 1, 538, where Lord Ellenborough said to the prisoner after the argument of his counsel, " Mr. Watson, I am to inform you that if you wish to address any observations to the jury, this is the time for you to do so; but you must not after the counsel for the Crown has replied." See also *Rex* v. *Thistlewood*, 33 How. St. Tr. 682, 894, in which, at the same stage of the trial, Lord Chief Justice Abbott said, " Arthur Thistlewood, if you wish to offer anything from yourself to the gentlemen of the jury, in addition to what has been addressed to them by your learned counsel, you are at liberty to do so, and this is the proper time."

In capital trials in this Commonwealth a somewhat similar practice has prevailed, and it is not modified or abandoned in cases where the prisoner avails himself of his right to give testimony in his own behalf. But the practice as to the time of the statement has been uniform, and the proper time is after the arguments of both counsel, and immediately before the charge to the jury. In other than capital cases, when the prisoner is defended by counsel, so far as we have personal knowledge of

the practice, and so far as we are in any way informed, it has never been the practice in this Commonwealth to allow a defendant put upon trial for crime to make, as of right, an unsworn statement of facts to the jury, and it is clear that he has no such right.    A person upon trial for a crime not capital must, unless for some good reason the judge may see fit in his discretion to vary in favor of·the defendant the established practice, be bound by the established course of trial.    This requires the jury to try the case upon the evidence, and allows no one to give evidence, or to state to the jury facts as matter of fact, save under the sanction of an oath or an affirmation under the pains and penalties of perjury.    While, if a person upon trial for crime is not defended by counsel, he must be allowed to conduct his case himself, and from the necessity of the case it may be impracticable to prevent him from making statements which he has no right to make, if he employs counsel he must, as was said in *Regina* v. *Beard*, "submit to the rules which have been established with respect to the conducting of cases by counsel." No doubt, if he employs counsel he may himself take part in his own defence by addressing the jury, either in opening his defence or in arguing the cause; but in either case he must keep himself within the line allowed to counsel, and in neither can he make a statement as of fact.    The object of an opening, whether made by party or counsel, is to state to the jury the evidence which it is proposed to adduce and the law on which the party expects to rely; and the assertion of matters as facts upon the authority of the person who makes the final argument or summing up of the cause is not legitimate in a closing argument.    There have been, no doubt, some exceptional instances in England, and perhaps here, though none here have been brought to our attention, when, under very unusual circumstances, a prisoner who had not the right to testify has been allowed, in cases not capital and when defended by counsel, to make an unsworn statement of facts to the jury.    Such are some of the cases cited by the defendant.    But when the regular practice has been departed from, it has usually been because· of circumstances which went far to make it a necessity to allow such a statement in default of any competent evidence, and the judges who have allowed a departure from the regular course of

trials have protested that it was bad practice, and not to be drawn into a precedent in ordinary cases. See *Regina* v. *Walkling*, 8 C. & P. 243; *Regina* v. *Manzano*, 2 F. & F. 64. *Regina* v. *Malings*, 8 C. & P. 242, is directly contrary to *Regina* v. *Boucher*, 8 C. & P. 141, and to *Regina* v. *Beard*, 8 C. & P. 142. Since all persons upon trial in our courts for crime are now made competent witnesses in their own behalf by statute, it can never be necessary here to allow such a person to make an unsworn statement of fact because of a lack of competent evidence. If the evidence is not forthcoming, its absence is not from necessity, but from choice.

The defendant in the present case had no right to make a statement of fact to the jury except under the statute allowing him to testify as a witness in his own behalf, and he was not aggrieved by any action of the court with reference to the statement which he asked leave to make, and which he finally did make. On the other hand, it was an error to allow him to make it at all; but of this error he cannot complain.

Having been allowed to make an unsworn statement of facts to the jury, the defendant had no ground to object to the line of argument commenced by the district attorney, but which the latter withdrew upon the defendant's objection. The bill of exceptions does not show that the comment was upon the failure of the defendant to testify, but that it was upon the weight to be given to his unsworn statement. This was a legitimate matter for argument; and comment upon the absence of that test of the truth of statements which is furnished by cross-examination was pertinent. The defendant implies, by the language of his brief, that the comment was upon his failure to testify, and that instructions upon this point should have been given to the jury. If such is the proper construction of the bill of exceptions, yet it appears that no such instructions were asked. No exception was taken to any order or ruling of the presiding judge, nor was he asked to take the case from the jury. The exception taken was to an observation of the district attorney; and the only request made to the presiding justice was that he would note the defendant's objection and exception to that observation.

*Exceptions overruled.*