Fuld, J.
Defendant Virgil Richardson, convicted of murder in the first degree for the slaying of a New York City police officer, seeks a reversal upon several grounds. We may dispose of all but one of them with the simple statement that guilt is clearly established, the claim of self-defense thoroughly refuted and the criticism of the court’s instructions without basis or merit. The defendant’s remaining contention, that, although represented by counsel, he was entitled, as of right, personally to sum up to the jury, poses a question of first impression in this court and deserves more lengthy treatment.
The case against the defendant, resting on the testimony of 27 witnesses and some 40 exhibits, consumed 10 days of trial. The defendant did not take the stand and no witnesses testified on his behalf. After both sides had rested, the court called upon defense counsel to proceed with his summation. As he was about to do so, the defendant arose and asked the court whether he might “address ” the jury, stating that he would restrict himself to the evidence and “ prove [his] innocence without doubt.” The court denied the request, declaring that, while a defendant could, if he desired, become a witness and- testify, he had no right to make a statement to the jury. After a conference between Richardson and his lawyer, the colloquy ended with the statement from the former that he was “ prepared-to have [his] attorney sum up ”. And, when the jurors who had been absent during the discussion returned to the courtroom, counsel made his closing address on behalf of the defendant;
The defendant now urges that he had an absolute right, assertedly stemming from constitution, personally to address the jury and comment on the evidence. The constitutional provision relied upon, far from supporting, the argument, actually defeats it. More, we deem it plain, on the basis of reason and policy, that no such right to sum up or otherwise *227 participate in the trial exists, it being left to the sound discretion of the trial judge to determine whether such participation be permitted.
Article I, section 6, of the New York Constitution provides that an accused “ shall be allowed to appear and defend in person and with counsel as in civil actions ” and the Code of Criminal Procedure, in terms quite similar, recites that a defendant in a criminal case is to be “ allowed counsel as in civil actions, or he may appear and defend in person and with counsel” (§ 8, subd. 2). Whatever ambiguity or doubt may be created by the use of the conjunctive “and” — the defendant’s prime reliance for his claim that he may supersede counsel and himself sum up —it is thoroughly dispelled by the recital in both Constitution and Code that the defendant’s right in a criminal action to appear and defend in person and with counsel is the same “as in civil actions ”. The design of the draftsmen was, obviously, to equate the right granted to a defendant in a criminal action to that given to a party in a civil suit and, turning • to the legislation relating to civil cases (Civ. Prac. Act, § 236), we are quickly and definitively apprised, by the most explicit language, that one who has elected to be represented by a lawyer has no right to act in person. “A party ”, section 236 of the Civil Practice Act declares, ‘‘ may prosecute or defend a civil action in person or by attorney ’ ’, but, the provision continues, if he 11 has an attorney * * * he cannot appear to act in person except with the consent of the court.” So read the statute in 1938, when the present constitutional provision was adopted, and in 1846 (2 Rev. Stat. of N. Y., part III, ch. III, tit. 1, § 11)[1] when the language of article I, section 6, as it now appears, conforming the practice in criminal cases to that ‘1 in civil actions ”, was first written into the Constitution. As • one New York court stated almost a hundred years ago, “ It always was the practice, after an attorney had appeared in a case, to require all the proceedings to be conducted through him. Any other rule would lead' to great confusion in the administration of justice.” (Webb v. Dill, 18 Abb. Prac. 264.)
*228 In criminal cases, too, and based on like considerations and in jurisdictions having provisions of constitution or statute indistinguishable from New York’s, the courts, with hardly an exception (cf. Commonwealth v. McConnell, 162 Mass. 499, 502; Commonwealth v. Burrough, 162 Mass. 513), have held that an attorney-represented defendant has no right to participate personally in the proceedings. And that is so whether the accused seeks “ to conduct the trial ” (Overholser v. De Marcos, 149 F. 2d 23, 26; State v. Burkitt, 120 N. J. L. 393, 395); “ to propound questions” (State v. Ingram, 316 Mo. 268, 270-272; People v. McKinney, 152 Cal. App. 2d 332, 336; People v. Northcott, 209 Cal. 639, 648-651; McDowell v. State, 225 Ind. 495, 502); “ to say something in this case ” (Rehfeld v. State, 102 Ohio St. 431, 437); “to make an unsworn statement to the jury ” (State v. Townley, 149 Minn. 5, 22, cert. denied 257 U. S. 643; O’Loughlin v. People, 90 Col. 368, 384-385; State v. Louviere, 169 La. 109, 118-119; also, 2 Wigmore on Evidence [3d ed., 1940], § 579, p. 702); or, as in the case before us, “ to sum up * * * at the conclusion of the evidence ” (United States v. Dennis, 183 F. 2d 201, 233-234, affd. 341 U. S. 494; same case in United States District Court, sub nom. United States v. Foster, 9 F. R. D. 367, 371-373; State v. Townley, 149 Minn. 5, 21-23, cert. denied 257 U. S. 643, supra.)[2]
We perceive no ground for complaint that adherence to such a rule may work an injustice upon a defendant or affect him unfairly. In the first place, the defendant is always able to suggest to his lawyer the matters to be discussed or stressed in his closing address to the jury. In the second place, the *229 trial court, as previously observed, is empowered to allow the defendant himself to sum up if, in the exercise of a wise discretion, it deems such action called for. (See cases, supra, p. 228; also 5 Wharton’s Criminal Law and Procedure [Anderson, 1957], § 2016, p. 157; Abbott’s Criminal Trial Practice [4th ed., 1939], § 17, pp. 26-27.) Since the defendant has asserted an absolute right to address the jury, it is necessary only to say that the record before us discloses no facts or circumstances that would have justified the trial court in exercising a discretion in favor of the defendant’s application.
In short, to grant an accused who has counsel an unqualified right to address the jury would, without serving any good or worthwhile purpose, be potentially disruptive of orderly court procedure and the proper administration of justice.
The judgment of conviction should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur.
Judgment of conviction affirmed.

. Thé 1846' Version was even more pointed and explicit, providing, as it did,' thkt no person “shall * '* * he permitted to appear on the record in any civil cause in person, whilst he has an attorney or solicitor in such cause.” (2 Rev. Stat. of N. Y., ibid.)

. As noted, several of the constitutional and statutory provisions involved in the cases cited in the text are either the same as, or very similar to, ours. Insofar as pertinent, the California Constitution (art. I, § 13) reads precisely as does this State’s Code of Criminal Procedure (§8, subd. 2), the Ohio Constitution (art. I, § 10) is identical with that of New York (art. I, § 6), while the Federal statute provides that “ parties may plead and conduct their own cases personally or by counsel ” (U. S. Code, tit. 28, § 1654). And, in both Georgia and Texas, whose constitutions declare — in wording far more favorable to the defendant’s position — that one is entitled to defend or be heard in person or by attorney “or both” (Ga. Const., art. I, § 1, par. IV; Tex. Const., art. I, § 10), it has likewise been held that it is for the trial court to decide, in its discretion, whether the defendant may participate in the trial. (See Loomis v. State, 78 Ga. App. 153, 162-163; Leahy v. State, 111 Tex. Cr. Rep. 570, 592.)