481 F.2d 621
 Donald WALLACE et al., on behalf of themselves and all
others similarly situated, Plaintiffs-Appellees,
v.
Michael KERN et al., etc., Defendants.
The UNITED STATES of America ex rel. Michael A. McLAUGHLIN
et al., Plaintiffs-Appellees,
v.
PEOPLE OF THE STATE OF NEW YORK et al., Defendants,
and
The Legal Aid Society of the City of New York, Defendant-Appellant.
Michael A. McLAUGHLIN et al., Plaintiffs-Appellees,
v.
PEOPLE OF THE STATE OF NEW YORK et al., Defendants,
and
The Legal Aid Society, Criminal Defense Division of the City
and State of New York, Defendant-Appellant.
 Nos. 1066-1068, Dockets 73-1826, 73-1830-31.
 United States Court of Appeals,
Second Circuit.
 Argued June 27, 1973.
Decided June 27, 1973.
 
 Arthur L. Liman, New York City (Patrick M. Wall, Allan L. Gropper, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for appellant Legal Aid Society.
 Hillel Hoffman, New York City (Joel Lewittes, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for appellant Judges and Court Personnel.
 Michael A. McLaughlin, pro se.
 James Reif (Daniel L. Alterman, Robert Boehm, William M. Kunstler, Center for Constitutional Rights, Stephen M. Latimer, New York City, Alvin J. Bronstein, Nancy C. Crisman, National Prison Project, Washington, D. C., on the brief), for appellees.
 Lewis B. Oliver, Jr., New York City, amicus curiae, Association of Legal Aid Attorneys of the City of New York.
 Before LUMBARD, HAYS and TIMBERS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of New York which preliminarily enjoined the Legal Aid Society of the City of New York from accepting or acting upon any additional assignments of felony cases in the Supreme Court of Kings County in New York if the average caseload of its attorneys exceeded 40. The district court also ordered the Clerk of the Criminal Term of the Supreme Court, Kings County, to place on the court's calendar all pro se motions filed by inmates of the Brooklyn House of Detention. The order directed the administrator of the indigent defense panel of Kings County to endeavor to make attorneys available to criminal defendants who are awaiting action by the grand jury and it ordered the Legal Aid Society to continue to represent such defendants until new counsel were assigned by the Supreme Court.
 
 
 2
 Although the members of this court's panel were entirely sympathetic with the purposes which the district judge sought to accomplish by his order, we felt constrained to reverse on the law. Our opinion was delivered from the bench as follows:
 
 
 3
 "We reverse and vacate the judgment of the district court.
 
 
 4
 Very briefly stated our reasons are two-fold. In the case involving the Legal Aid Society we hold that the court has no jurisdiction under Section 1983 since the Society was not acting under color of state law, Lefcourt v. Legal Aid Society, 445 F.2d 1150 (2nd Cir. 1971). With relation to the order directed at the court personnel we hold that under the principle known as comity a federal district court has no power to intervene in the internal procedures of the state courts. The mandate is to issue forthwith."
 
 
 5
 Reversed.