The UNITED STATES of America,

v.

Harold SCHRIEBER, Defendant.

No. 73–C–1830.

United States District Court,
E. D. New York.

Dec. 17, 1973.

James A. Pascarella, Brooklyn (Edward J. Boyd V, U. S. Atty., of counsel), for the Government.

Louis J. Milone, Jr., (Morgan & Elfi, of counsel), for defendant.

## MEMORANDUM AND ORDER

DOOLING, District Judge.

Released on parole from the Federal Correctional Facility at Danbury, Connecticut, on December 4, 1972, defendant was indicted in Nassau County for possession of stolen property and for felonious possession of a weapon, and he was released, on May 25, 1973, upon giving $1,500 cash bail. On November 19, 1973, defendant pled guilty to criminal possession of stolen property in the third degree, in satisfaction of all outstanding state charges, and he was continued on bail until sentence day, January 9, 1974. Evidently the United States Board of Parole then issued a warrant for the retaking of the defendant as a parole violator. In view of defendant's plea of guilty in state court, he, no doubt, can no longer contest the fact of parole violation. Mainer v. United States Attorney General, 5th Cir. 1970, 429 F.2d 389, 391. The issue defendant's application presented is whether there is authority for admitting him to bail, and, whether, if there is, he should be admitted to bail until his parole hearing, which, in this case, almost certainly, will deal not with the probably undeniable fact of violation, but with the disposition to be made on the basis of the violation, its nature, its circumstances, the terms of the state court sentence and other factors relevant under 18 U.S.C. § 4207. The probation officer indicates that, subject of course to the decisions to be made in the state sentencing proceeding and in the Parole Board hearing, there is no reason why defendant should not be regarded as a good bail risk if bail is available at all.

Morrissey v. Brewer, 1972, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, outlines the undeniable minimum of due process rights that an alleged parole violator possesses, and they relate in large part to assuring a fair hearing on the fact of violation (408 U.S. at 488, 92 S. Ct. 2593). But the Court is clear that the revocation process involves two distinct issues, *first,* violation and, *second,* the wisdom of recommitment (408 U.S. at 479–480, 92 S.Ct. 2593). The Court discarded as useless resort to a "right" or "privilege" analysis, holding that the parolee's "liberty is valuable and must be seen as within the protection of the Fourteenth Amendment" (408 U.S. at 482, 92 S.Ct. at 2601). The Court held open the question whether indigent parolees are entitled to assigned counsel, and did not consider the question of bail at all. Mr. Justice Douglas, dissenting in part, expressed the view that there should not be recommitment before final hearing if there is no new criminal offense but rather an infraction of other parole conditions (408 U.S. at 497, 92 S. Ct. 2593), echoing a view of Judge Skelly Wright expressed in a concurrence and dissent in Hyser v. Reed, 1963, 115 U.S.App.D.C. 254, 318 F.2d 225, 262 (Judge Wright assumed that in the case of a new offense the defendant would be in custody, perhaps thinking that the bail issue would be mooted). *Cf.* United States ex rel. Buono v. Kenton, 2d Cir. 1961, 287 F.2d 534 (*habeas corpus* appropriate where violation hearing too long delayed); United States ex rel. Vance v. Kenton, D.Conn.1966, 252 F. Supp. 344 (same).

Defendant must accept, as In re Whitney, 1st Cir. 1970, 421 F.2d 337, holds, that a parolee may have no Eighth Amendment right to bail (although it appears unsound to put it on the ground that, unlike an indicted defendant, a parolee is not presumed to be innocent: an indicted defendant is one whom a grand jury has found reasonable ground to charge with a felony; the presumption of innocence functions when the trial commences to locate the burden of proof and the measure of proof required; it is not a presumption of rational inference from facts, such as that most indicted defendants are found not guilty if fairly tried; the exact contrary appears to be the statistically supportable inference). But that neither decides that there is no power to admit to bail nor excludes the conclusion that due process certainly commends if it does not require consideration of the question whether this defendant should not be admitted to bail if the individual circumstances of the defendant's case make postponement of recommitment until the Board of Parole acts the course which a careful weighing of the values involved dictates.

■ Here, the state court, knowing defendant's situation and having taken his plea, has continued him on bail. Flight, then, is not anticipated. Ultimate state incarceration or federal recommitment are not inevitable. The family circumstances of defendant are peculiarly difficult, and yet they furnish further assurance of his continuing availability. It is unlikely that the Board of Parole would find it judicious to conduct its hearing until after the state court has sentence on January 9, 1974. In these circumstances, admission to reasonable bail, neither expressly authorized nor forbidden by a close reading of 18 U.S.C. §§ 4205–4207 and 18 U.S.C. §§ 3141–3152 (*cf.* Baker v. Sard, 1969, 137 U.S.App.D.C. 139, 420 F.2d 1342), is appropriate.

It is, accordingly,

Ordered that defendant be released from custody upon his execution of an appearance bond in the amount of $15,000 secured by the deposit of $1,500 in cash in the registry of the court, substantially in the form provided under 18 U.S.C. § 3146(a)(3).