**UNITED STATES of America ex rel. Joseph NAPOLI and Oscar Teitelbaum, Petitioners,**

v.

**STATE OF NEW YORK et al., Respondents.**

No. 74-C-728.

United States District Court, E. D. New York.

July 23, 1974.

Joseph Napoli, Oscar Teitelbaum, petitioners, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y. by Ralph Lewis McMurry, Asst. Atty. Gen., New York City, of counsel, for respondents.

JUDD, District Judge.

## MEMORANDUM AND ORDER

This habeas corpus proceeding seeks to establish petitioners' right to bail pending a determination of parole viola-tions. Hearings on the parole violations await the trial of state criminal charges.

### Facts

The petitioners were declared delin-quent because of new arrests while on parole from state sentences. Petitioner Napoli was serving a four-year term for robbery in the third degree and was re-arrested on February 22, 1974 for burglary. Petitioner Teitelbaum was serving a sentence for robbery in the first and second degrees as a second of-fender and was re-arrested in January 1974 for grand larceny, extortion and conspiracy.

Bail was fixed at $20,000 for Napoli and $5,000 for Teitelbaum, but their tender of bail was refused because of pa-role violation warrants lodged against them.

Both petitioners were granted prelimi-nary hearings on the parole violation charges, and the hearing commissioner found probable cause to believe that each had violated the conditions of his parole.

On their application to the Parole Board to lift the warrants so that they could be released on bail, an employee of the Parole Board wrote them:

It is the policy of the Board of Parole to enforce a warrant and keep it in effect until all local charges pending against the violator have been disposed of in full by the courts . . . In view of the circumstances, you may want to appeal to the District Attorney and the court to expedite prosecution of your case.

A previous application to this court for habeas corpus relief was denied for failure to show exhaustion of state reme-dies. Memorandum and Order of May 20, 1974, 74–C–728. Subsequent applica-tions to the state court for release on bail were denied, first because petition-ers had not exhausted their remedies un-der Section 218 of the New York Correc-tion Law, McKinney's Consol.Laws, c. 47, and second because the court held that *pro se* motions would not be accepted

from petitioners who were represented by counsel.

### Discussion

■■ Respondents assert that there has still been no exhaustion of state remedies. However, petitioners' access to the state courts is impeded by the New York court's ruling that *pro se* applications will not be entertained if the petitioner is represented in other matters by an attorney who has refused or failed to proceed. People v. Richardson, 4 N.Y. 2d 224, 173 N.Y.S.2d 587, 149 N.E.2d 875, cert. denied, 357 U.S. 943, 78 S.Ct. 1395, 2 L.Ed.2d 1557 (1958). In this circuit it has been held that a federal court cannot require a state court to accept *pro se* applications. Wallace v. Kern, 481 F.2d 621 (2d Cir. 1973), cert. denied, 414 U.S. 1135, 94 S.Ct. 879, 38 L. Ed.2d 761 (1974). It does not follow that a federal court should deny relief because an attorney has not come to the petitioner's aid or has disagreed with his client about his right to freedom. The *Richardson* case related only to the right of a trial court to require that summation be made by the attorney and not by the defendant in person. Whether or not it was correctly applied by the state court here, the refusal to consider petitioners' *pro se* applications constitutes "circumstances rendering [state] process ineffective to protect the rights of the prisoner." Therefore, the requirements of 28 U.S.C. § 2254(b) have been met, and the application should be entertained.

The New York Correction Law, McKinney's Consol.Laws, c. 47, requires (§ 212(7)) that the Board of Parole act upon charges "within a reasonable time." Section 218, which the state court cited, was repealed in 1970. L.1970, c. 476.

■ The denial of petitioners' right to *pro se* access to the court was particularly prejudicial here, because the court on proper application might well have vacated the parole violation warrant if a prompt hearing was not accorded them. People ex rel. Cordero v. Thomas, 69 Misc.2d 28, 329 N.Y.S.2d 131 (Sup.Ct. Kings Co. 1972).

Turning to the merits of the application, this court notes that Judge Friendly's opinion in United States ex rel. Goodman v. Kehl, 456 F.2d 863, 868 (2d Cir. 1972), states that

Federal habeas corpus has been recognized to be an appropriate remedial device for bringing before a federal court challenges to state bail practices before and during a criminal proceeding.

■ It is true that a person at large on parole or on conditional release (based on good-time allowances) has already been convicted of a crime and remains in constructive custody to some degree. There is thus more justification for denying bail in the case of a person charged with a parole violation than in the case of an unconvicted pretrial detainee. United States ex rel. Mason v. Amico, 360 F.Supp. 1344 (W.D.N.Y. 1973); In re Whitney, 421 F.2d 337 (1st Cir. 1970). None of the cases cited by respondents, however, appear to have involved as long a period of pre-hearing confinement as this one.

In a converse situation, bail was granted to a federal parolee while he was awaiting sentence in a state court. United States v. Schrieber, 367 F.Supp. 791, 792 (E.D.N.Y.1973). Judge Dooling stated:

Here, the state court, knowing defendant's situation and having taken his plea, has continued him on bail. Flight, then, is not anticipated. Ultimate state incarceration or federal recommitment are not inevitable. . . It is unlikely that the Board of Parole would find it judicious to conduct its hearing until after the state court has sentence on January 9, 1974. In these circumstances, admission to reasonable bail . . . is appropriate.

■■ A parolee should not be held in custody indefinitely pending a violation hearing. If there is necessary delay in bringing a parolee to trial on a new

charge, and the trial court approves his release on bail, deferral of the parole violation hearing and holding him in custody is equivalent to presuming him guilty.

This court has recently been admonished to give individual consideration to speedy trial applications and not attempt to do justice "in wholesale lots," Wallace v. Kern, 499 F.2d 1345 (2d Cir. 1974). The blanket policy of the State Board of Parole, holding all suspected violators in custody until full determination of state criminal charges, is a way of doing injustice at wholesale. The federal constitution at least requires that every parole violator be treated as an individual, and not denied bail as a matter of policy. *Cf.* United States v. Hartford, 489 F.2d 652, 655–656 (5th Cir. 1974); United States v. Baker, 487 F.2d 360 (2d Cir. 1973).

It is therefore ordered that petitioners be released on the bail fixed by the Supreme Court, Nassau County, unless they are afforded hearings on the parole violation charges within twenty days after the date of this Memorandum and Order.