■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH CENDER, Appellant, v WARDEN, BRONX HOUSE OF DETENTION FOR MEN, Respondent.— Judgments, Supreme Court, Bronx County, entered June 17 and July 27, 1977, dismissing plaintiff-appellant's separate writs of habeas corpus, without prejudice, unanimously reversed, on the law, the writs reinstated, and remanded to Supreme Court, Bronx County, for further proceedings not inconsistent herewith, without costs and without disbursements. Plaintiff, confined in Bronx County, awaiting trial on a criminal charge, sued out two separate writs *pro se,* each having to do with the conditions obtaining at the prison, but not at all in derogation of his commitment. He had had counsel assigned to defend him on the charge against him, but who did not participate at all in the habeas corpus proceedings. Citing *People v Richardson* (4 NY2d 224), the court dismissed both writs, not on the merits but on the ground that, counsel having been assigned, plaintiff could not conduct the proceedings *pro se.* To begin with, the factual predicate was not correct: plaintiff was without counsel on the writ. Further, *Richardson* is concerned with an entirely different situation, i.e., the exercise of discretion by a trial court to permit active participation by a party during a trial in which he is represented by counsel. The writs should have been adjudicated on the merits and are remanded for that purpose. Concur—Kupferman, J. P., Evans, Fein, Lane and Markewich, JJ.