OPINION OF THE COURT
James G. Starkey, J.
Defendant is charged, inter alia, with criminal sale of a controlled substance (more than one-eighth ounce of cocaine) in the second degree, an A-II felony. Counsel for the defendant has moved for an order designating his client associate counsel pro se and authorizing him to participate in the trial as if he were a member of the Bar. The defense urges that the defendant has an absolute right to represent himself and, a fortiori, an absolute right to act as associate counsel pro se. The prosecution vigorously opposes the application, arguing that the right to act as counsel pro se is not absolute and that *461 to grant it would, at least potentially, give the defense an unfair advantage. By way of example, particular reference is made to the possibility that the defendant, by opening or summing up, could "get his story before the jury” — testify— without being subject to cross-examination (cf. People v McIntyre, 36 NY2d 10, 16).
It is true that a competent and well-behaved defendant* has a constitutional right to conduct his defense pro se. (See Faretta v California, 422 US 806.) However, a defendant who is represented by counsel stands in a different position. It has long been the rule that, once an attorney has appeared in a case, all proceedings are required to be conducted by him. (See People v Richardson, 4 NY2d 224, 227, cert den 357 US 943.) Consistent with that rule, it has been held that neither the State Constitution nor statutory law requires that a defendant represented by counsel be permitted to address the jury after the close of the evidence (People v Richardson, supra). The Sixth Amendment to the United States Constitution has been similarly construed (see United States v Cyphers, 556 F2d 630, 634, cert den 431 US 972; United States v Wolñsh, 525 F2d 457, 462-463, cert den 423 US 1059).
Nevertheless, while a defendant has no absolute right to act as associate counsel pro se, the court has the power, in the exercise of its discretion, to grant such an application (see People v Richardson, supra, pp 228-229). Depending upon the type of participation sought and the circumstances at the time, it is conceivable that a specific application for limited participation of a defendant as counsel could be granted without unduly disrupting the orderly administration of justice or unfairly prejudicing the prosecution’s interests (see People v Richardson, supra, p 229). The application here, however, does not permit appropriate evaluation and the exercise of discretion in light of the type of participation sought and the concrete circumstances at the time. For that reason the motion is denied without prejudice to renewal at the time and in the circumstances when specific participation is sought.

 "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues” (People v McIntyre, supra, p 17).