■ The People of the State of New York, Respondent, v Kenneth McGriff, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered August 2, 1983, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of the defendant's motion to suppress evidence. Judgment reversed, on the law and the facts, motion to suppress

granted, and indictment dismissed. The case is remitted to Criminal Term for the purpose of entering an order, in its discretion, pursuant to CPL 160.50. At the suppression hearing, the arresting officer testified that as he was examining the license and registration of the driver of a vehicle, he observed defendant walking back and forth on the sidewalk. Defendant passed the officer about five or six times. The officer, who was in plainclothes, told defendant that he would like to speak to him. Defendant walked away. The officer ran down the street, went around a parked van, and came out in front of defendant. The officer observed a bulge in the pouch of defendant's jacket. He felt the bulge, and believing it to be "envelopes", reached into the pouch and pulled out heroin. As the People concede with commendable candor, defendant's motion to suppress the heroin should have been granted. To justify the stop of a person in a public place, a police officer must articulate the specific facts, along with any logical deduction, which led him or her to reasonably suspect that criminal activity was afoot and that the person stopped was involved with such activity (see *People v Cantor,* 36 NY2d 106, 113). Here, defendant did nothing but walk back and forth in the street. This behavior is not, without more, indicative of criminal activity. The fact that defendant walked away when the police officer spoke to him cannot, in and of itself, be used to justify the stop and frisk (see *People v Howard,* 50 NY2d 583; *People v Marquez,* 80 AD2d 837). In any event, once the police officer knew that the bulge was not a weapon, he had no right to continue the search by reaching into the pocket of defendant's jacket (see *Terry v Ohio,* 392 US 1; *Sibron v New York,* 392 US 40). Since the heroin was unlawfully seized, the suppression motion is granted and the indictment is dismissed. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.