THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BURTON, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 7, 1982, convicting him of robbery in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment with a minimum of 4 years and a maximum of 12 years, and (2) a judgment of the same court, also rendered July 7, 1982, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment with a minimum of 4 years and a maximum of 12 years, to run concurrently with the sentence imposed upon his conviction after a jury verdict.

Judgments affirmed.

The record strongly indicates that the complainant's identification of defendant, when he was confined to a cell at the police precinct headquarters along with his accomplice, occurred spontaneously and, thus, was less likely to be induced by the suggestiveness generally associated with police-arranged showups (see *People v Logan,* 25 NY2d 184, 193, cert den 396 US 1020; *People v Graham,* 67 AD2d 172, 176; *People v Gonzalez,* 61 AD2d 666, 671, affd 46 NY2d 1011; writ granted *Gonzalez v Hammock,* 477 F Supp 730, revd 639 F2d 844, cert den 449 US 1088; *Lindsay v Henderson,* 499 F Supp 667, 670). Moreover, the admission of the complainant's testimony concerning his identification of defendant at the station house did not constitute reversible error assuming, *arguendo,* that the circumstances surrounding that confrontation were unduly suggestive. The prosecution sustained its burden of proof by clear and convincing evidence, that the complainant's in-court identification of defendant was based independently upon his observations during the robbery. Further, the identification testimony was corroborated by other evidence directly linking defendant to the crime (see *People v Adams,* 53 NY2d 241, 252; *People v Ballott,* 20 NY2d 600, 606-607).

Defendant made two requests to address the jury by delivering his own opening statement, once to his attorney prior to the commencement of the trial, and again after the prosecutor had completed his opening and his own attorney had advised the court that he wished to waive an opening statement. The Trial Judge denied defendant's requests to address the jury, relying upon the informed judgment of his attorney that this would jeopardize the best interests of his client. We reject defendant's contention that, under the circumstances of the instant case, the Trial Judge was required to advise him of his right to conduct the trial *pro se*. Defendant's requests to deliver his own opening statement cannot be considered clear and unequivocal requests to represent himself throughout the entire trial. As the Court of Appeals stated in *People v McIntyre* (36 NY2d 10, 17), "[s]o that convicted defendants may not pervert the system by subsequently claiming a denial of their *pro se* right, the *pro se* request must be clearly and unconditionally presented to the trial court * * * [T]he right to defend *pro se* lacks the force and urgency of the right to counsel and there is no necessity to inform every defendant of his right to conduct his own defense".

Defendant never asked for substitution of his court-appointed counsel with another attorney and his apparent disagreement with his attorney over one aspect of trial strategy does not constitute an adequate ground for granting such an application (see *People v Medina,* 44 NY2d 199, 208-209). Under these circumstances it cannot be said that defendant's attorney was guilty of ineffective representation, as he was apparently making every effort to safeguard his client's best interests. Defendant, who was represented by counsel, had no absolute right to participate in the trial by making his own opening statement to the jury and could do so only with the consent of the court (see *People v Richardson,* 4 NY2d 224, cert den 357 US 943; see, also, *People v Mirenda,* 57 NY2d 261, 266). Under the circumstances at bar, the Trial Judge did not abuse his discretion when he denied defendant's requests to address the jury.

The sentences defendant received for his two convictions of robbery in the second degree were within the statutory limits for a class C violent felony (see Penal Law, § 70.02, subd 2, par [a]; subd 3, par [b]; subd 4). We see no reason to substitute our discretion for that of the sentencing Judge, particularly in view of the fact that defendant received the benefit of a favorable bargain allowing him to receive a concurrent sentence after entering a plea of guilty to the charge of robbery in the second degree in full satisfaction of another indictment (see *People v Suitte,* 90 AD2d 80). Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.