OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress granted and the indictment dismissed.
The evidence adduced at the suppression hearing supports the affirmed finding that the police officer’s conduct in frisking defendant was based on a reasonable fear that defendant may have been armed (see, People v Davis, 64 NY2d 1143; People v Klass, 55 NY2d 821). Nonetheless, defendant’s motion to suppress the papers removed from his jacket pocket, which upon inspection turned out to be gambling records, should have been granted. Once any reasonable basis for the officer’s fear for his safety had abated, he was not justified in seizing the papers, which were folded over and secured with a rubber band, and causing the packet to be unwrapped and examined (cf. People v McGriff, 99 AD2d 818).
No claim is made, nor indeed could any claim be made under the circumstances of this case, that the seizure of the personal papers was incident to a lawful custodial arrest (United States v Robinson, 414 US 218). Rather, the People seek to justify the seizure under the "plain view” and "inevitable discovery” exceptions to the warrant requirement (US Const 4th Amend).
The "plain view” exception is inapplicable. The discovery was not "inadvertent rather than anticipated” (People v Basilicato, 64 NY2d 103, 115; People v Spinelli, 35 NY2d 77, 81) because the papers were "discovered” as a result of the officer’s opening the bundled papers, properly taken from defendant during a frisk, although it was not immediately apparent that the papers seized were evidence of criminality (see, Coolidge v New Hampshire, 403 US 443, 446-447; People v Milaski, 62 NY2d 147, 154, n 1). The record is devoid of evidence that the officer knew that the papers were gambling records or that, by their outward appearance, they were readily identifiable as such (see, Walter v United States, 447 US 649, 653; Stanley v Georgia, 394 US 557, 559).
The "inevitable discovery” exception likewise is inapplicable to the facts of this case. The officer permitted defendant to "remove his personal property” after indicating that the *691 vehicle was being impounded. Thus, the papers would not have been in the car during the inventory search.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
Order reversed, etc.