■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN ROBINSON, Appellant.—Judgment unanimously reversed on the law, defendant's motion granted in accordance with memorandum herein and new trial granted. Memorandum: The suppression court erred in denying defendant's motion to suppress the items found in the warrantless search of a bag found in the bathroom of his motel room. The police, at the time of this search and seizure, had fully secured the premises and there was no indication that the evidence would have been lost or destroyed if they had delayed to obtain a search warrant. No exigent circumstances, therefore, existed to justify this warrantless search (see, Mincey v Arizona, 437 US 385, 392-394; People v Knapp, 52 NY2d 689, 695-697).

Further, this search may not be justified under the plain-view exception. There was nothing incriminating in the bag's

outward appearance and it was only upon opening the bag that the police discovered incriminating items. Because the discovery of those items was not inadvertent and the bag itself was not incriminating evidence, the plain-view doctrine is inapplicable *(People v Roth,* 66 NY2d 688, 690). However, we do agree with the hearing court's denial, based on the plain-view exception, of defendant's motion to suppress keys observed in his motel room.

Defendant further contends that he was deprived of a fair trial by the court's charge. Although the trial court erred by using the phrase "equally balanced scales" in reference to the People's burden of proof, when viewed as a whole the charge adequately instructed the jury of the applicable rules of law to use in its deliberations.

We have reviewed the remaining issues raised by defense counsel and defendant *pro se* and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—murder, second degree.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.