■ In the Matter of Doris A., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order, Family Court, New York County (Michael Gage, J.), entered on or about October 3, 1989, which granted respondent's motion to suppress physical evidence, and dismissed the petition for an order to adjudicate respondent a juvenile delinquent, is unanimously affirmed, without costs.

On July 18, 1988, New York City Police Officers Bruce Johnson (Officer Johnson) and Nancy Rosado (Officer Rosado) took into custody Ms. Doris A., in New York County.

Thereafter, in August 1988, the Corporation Counsel of the City of New York (presentment agency), as the presentment agency, filed a petition to adjudicate Ms. A. (respondent) a juvenile delinquent, upon the ground that, on July 18, 1988, she committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third (Penal Law § 220.16), fourth (Penal Law § 220.09), fifth (Penal Law § 220.06), and seventh (Penal Law § 220.03) degrees. In response, counsel for respondent moved to suppress physical evidence, consisting of 107 vials of "crack", removed from respondent's person when she was taken into custody.

At the hearing on the motion, the presentment agency's primary witness was Officer Rosado, who testified, in substance, that, at approximately 12:30 P.M. on July 18, 1988, she and Officer Johnson, in uniform, were riding in a marked police car, when they were flagged down by a woman, who they later learned was respondent's mother, in the vicinity of 132nd Street and 8th Avenue, in New York County. Further,

Officer Rosado testified that this woman, speaking in Spanish, a language understood by the officer, stated that she had a PINS warrant for the 15-year-old respondent, who was standing across the street. Thereafter, in response to Officer Rosado's call, respondent came over to the police car, where Officer Rosado informed respondent that she was being taken into custody, upon the basis of the warrant. Several times respondent requested permission to speak to a male, standing nearby, but Officer Rosado did not allow any contact between respondent and that male. Subsequently, when respondent placed her hands near her waistband, Officer Rosado testified that she also placed her hands in the same area, withdrawing a package from inside the respondent's waistband. This package contained 107 vials of "crack".

After hearing the evidence, the court granted the respondent's motion to suppress, and dismissed the petition. The presentment agency appeals.

Our review of the record indicates that Officer Rosado admitted in her testimony that, before she placed her hand inside respondent's waistband, she neither saw an outline of a weapon nor felt a hard object. Upon the basis of this testimony of Officer Rosado, we find that the placing of her hand inside respondent's waistband constituted an illegal search, since she had no reasonable basis to fear for her safety *(People v Roth,* 66 NY2d 688, 690 [1985]; *People v Montero,* 149 AD2d 628, 629 [1989]).

Accordingly, we affirm the granting of the suppression motion and dismissal of the petition. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.