■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN ROBINSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in admitting into evidence at his second trial his redacted testimony from his previous trial. He asserts that the testimony was inadmissible at his retrial because it was the fruit of the illegally seized evidence that this court suppressed when it granted him a new trial (see, People v Robinson, 144 AD2d 960).

If testimony at a defendant's first trial was compelled by the People's introduction of illegally seized evidence, that testimony was tainted and cannot be used at his retrial (see, Harrison v United States, 392 US 219; People v Levan, 62 NY2d 139, 145-146). Further, it is the People's burden to prove that their use of the illegally obtained evidence did not compel defendant to testify (see, Harrison v United States, supra, at 225-226).

Here, defense counsel objected to the admission of defendant's prior testimony and asserted that it was compelled by the introduction of the illegally seized evidence that included the knife used in the murder. In response thereto, the People wholly failed to provide any showing that defendant's testimony was not induced by the introduction of the illegally seized evidence. Because the People failed to establish that the underlying illegality did not taint defendant's testimony, the court erred in admitting defendant's testimony into evidence (see, Harrison v United States, supra, at 224-226). The erroneous admission of defendant's testimony, however, does not require reversal because its introduction was harmless beyond a reasonable doubt (see, People v Almestica, 42 NY2d 222, 226; People v Crimmins, 36 NY2d 230, 242). There was overwhelming evidence of defendant's guilt in the record and we conclude that there was no reasonable possibility that defendant's testimony contributed to his conviction (see, People v Crimmins, supra).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.