■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER HINES, Also Known as LESTER HINDS, Appellant.— Judgment, Supreme Court, New York County (Murray Mogel,

J., at suppression hearing, plea and sentence), rendered June 29, 1989, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him as a youthful offender to 5 years' probation and 300 hours of community service, unanimously affirmed.

This court rejects defendant's claim that his suppression motion was denied erroneously. The hearing court found the testimony of the arresting officer and his partner to be entirely credible, each corroborating the other's testimony as to the material issues leading to defendant's arrest. On the other hand, the hearing court found defendant's testimony that he waited in line calmly for a bus and watched several police officers questioning and searching randomly selected prospective bus passengers standing just ahead of him, while defendant ate potato chips out of a bag in which he had placed over 4 ounces of cocaine, to be self-serving and inherently incredible. The experienced hearing court is in the best position to determine credibility of witnesses testifying before it, and the record amply supports the hearing court's credibility and fact determinations (*People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786).

The credited testimony was that experienced officers on duty at the Port Authority Bus Terminal observed defendant's youthful appearance and nervous behavior while waiting to board an out-of-town bus. This triggered the officers' right to inquire, and the subsequent inability or reluctance of defendant to supply identification provided ample basis for the officers to detain defendant as a suspected runaway (*Matter of Terrence G.,* 109 AD2d 440). Two glassine envelopes of cocaine inadvertently discovered by the investigating officer as his glance fell over an open potato chip bag placed by defendant on the ground as he answered reasonable questions regarding his age, residence and destination, were properly seized under the plain view doctrine (*see, e.g., People v Roth,* 66 NY2d 688). Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Smith, JJ.