■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAKOV SMOLYANSKY, Appellant. [697 NYS2d 648] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered April 8, 1996, convicting him of assault in the first degree (two counts), criminal possession of a weapon in the third degree, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction must be reversed because he was denied his constitutional right to represent himself at trial. We disagree. "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre,* 36 NY2d 10, 17). Contrary to the defendant's contention, the rec-

ord supports the trial court's conclusion that he did not express an unequivocal intent to conduct his own defense, and did not knowingly and intelligently waive his right to counsel. Notably, the defendant initially advised the court that he simply wished to talk to the jurors himself, and never clearly indicated a desire to represent himself throughout the entire trial (*see, People v Burton,* 106 AD2d 652). Moreover, the defendant repeatedly equivocated when questioned by the court about whether he wished to waive his right to be represented by counsel (*see, People v Neish,* 232 AD2d 744).

The contentions raised in the defendant's supplemental *pro se* brief are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Altman and Krausman, JJ., concur.