THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY McQUEEN, Appellant. [782 NYS2d 336]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered March 6, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5 and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]), defendant contends

that Supreme Court erred in denying his request that criminal possession of stolen property in the fifth degree (§ 165.40) be charged as a lesser included offense. Although the court erred in denying that request as untimely (*see People v McInnis*, 179 AD2d 781, 782 [1992], *lv denied* 79 NY2d 1004 [1992]), the error is harmless (*see* CPL 470.05 [1]) because there is no reasonable view of the evidence that the value of the property was less than $1,000 (*see People v Marrero*, 8 AD3d 299 [2004]; *People v Lopez*, 221 AD2d 243, 244 [1995], *lv denied* 87 NY2d 1021 [1996]).

Defendant further contends that the search warrant executed by the police was not supported by probable cause. That contention, however, is made for the first time in a reply brief and thus is not properly before us (*see People v Jones*, 300 AD2d 1119, 1120 [2002], *lv denied* 2 NY3d 801 [2004]; *People v White*, 244 AD2d 765, 767 [1997], *lv denied* 91 NY2d 1014 [1998]). In any event, the contention is without merit. The personal observations of the confidential informant who testified under oath before the magistrate, together with the additional information before the magistrate, established probable cause supporting issuance of the warrant (*see People v White*, 258 AD2d 677, 678 [1999]; *see also People v Walker*, 244 AD2d 796, 797 [1997]).

Defendant also contends that the court erred in denying his request for disclosure of the record of the informant's testimony "to enable further argument on [his suppression] motion." Defendant, however, abandoned that request by thereafter submitting written argument in support of the motion without obtaining a ruling from the court on his request (*see People v Boccaccio*, 288 AD2d 898 [2001]). In any event, the request was without merit (*see People v Lee*, 205 AD2d 708, 709 [1994], *lv denied* 84 NY2d 828 [1994]; *see also People v Edwards*, 95 NY2d 486, 492 [2000]; *People v Mendoza*, 5 AD3d 810, 813 [2004]; *People v Salcedo*, 309 AD2d 542, 543 [2003], *lv denied* 1 NY3d 634 [2004]).

We further reject the contentions of defendant that the court abused its discretion in denying his request to deliver the opening and closing statements to the jury himself (*see People v Richardson*, 4 NY2d 224, 226-227 [1958], *cert denied* 357 US 943 [1958]; *People v Burton*, 106 AD2d 652, 653 [1984]) and that the sentence is unduly harsh or severe. We note, however, that the court erred in ordering defendant to pay a mandatory surcharge of $200 and a crime victim assistance fee of $10 pursuant to an amendment of Penal Law § 60.35 (1) (a) that did not become effective until after the crime was committed (*see*

*People v Sullivan*, 6 AD3d 1175 [2004]). Although this issue is not preserved for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.