■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DOUGLAS, Appellant. [805 NYS2d 755]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 29, 2001. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the third degree (§ 200.16 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit. We conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), i.e., that defendant exercised "a level of control over the drugs [seized from his accomplice] sufficient to support a finding of constructive possession" (*People v Manini*, 79 NY2d 561, 575 [1992]). We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, County Court properly refused to suppress the cocaine seized during the execution of a search warrant authorizing the search of defendant's person.

We conclude that the testimony of a police investigator and a police informant before the Magistrate was sufficient to establish probable cause to issue the search warrant (*see People v McQueen*, 11 AD3d 1005, 1006 [2004], *lv denied* 4 NY3d 765 [2005]). In addition, the court properly refused to suppress the cocaine seized from defendant's accomplice. Defendant failed to establish a "legitimate expectation of privacy" with respect to the undergarments of his accomplice and therefore lacked standing to seek suppression of the cocaine that was seized from her (*People v Wesley*, 73 NY2d 351, 359 [1989]).

We agree with defendant that the court erred in admitting the testimony of a police witness that a small amount of marihuana was recovered during a search of defendant (*see generally People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]). We nevertheless conclude that the error in admitting that testimony is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We further conclude that the testimony of defendant's accomplice was sufficiently corroborated by evidence tending to connect defendant to the commission of the crimes (*see* CPL 60.22 [1]; *People v Besser*, 96 NY2d 136, 146 [2001]; *cf. People v Johnson*, 1 AD3d 891 [2003]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.