THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARLTON, Also Known as JAMAAL CARLTON, Appellant. [810 NYS2d 606]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered July 30, 2004. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree, sodomy in the third degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Ontario County Court for a suppression hearing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count each of kidnapping in the second degree (Penal Law § 135.20), sodomy in the third degree (former § 130.40 [3]) and sexual abuse in the first degree (§ 130.65 [1]), and two counts of unlawful imprisonment in the second degree (§ 135.05). Defendant entered his plea of guilty following the summary denial of his motion to suppress, inter alia, various items described in a warrant obtained by police to search defendant's house. County Court also summarily refused to suppress a .32 caliber pistol and .32 caliber bullets not described in that warrant or warrant application as well as items described in and seized pursuant to a second warrant obtained by police to search defendant's locker at work.

Defendant contends that the court erred in summarily denying that part of defendant's motion seeking suppression of the items seized from defendant's house based on the alleged facial insufficiency of that warrant application and the supporting affidavits. We reject that contention. A challenge to the facial sufficiency of a written warrant application presents an issue of law that does not require a hearing, and the court properly determines the merits of such a challenge "by reviewing the affidavits alone in order to determine whether they establish probable cause" (*People v Dunn,* 155 AD2d 75, 80 [1990], *affd* 77 NY2d 19 [1990], *cert denied* 501 US 1219 [1991]; *see People v*

*Glen,* 30 NY2d 252, 262 [1972]; *People v Solimine,* 18 NY2d 477, 480 [1966], *rearg denied* 21 NY2d 1041 [1968]; *People v Mc-Fadden,* 244 AD2d 887, 888 [1997]). The warrant application for the search of defendant's house was sufficient to establish probable cause to believe that defendant had committed a sexual assault against a mentally disabled person and that evidence of such crime, consisting of digital photographs or videos taken by defendant, would be found in defendant's house (*see People v Douglas,* 23 AD3d 1151 [2005]; *People v McQueen,* 11 AD3d 1005, 1006 [2004], *lv denied* 4 NY3d 765 [2005]).

We agree with defendant, however, that the summary denial of those parts of his motion seeking suppression of the pistol and bullets and the items seized from his locker at work cannot be sustained. At the outset, we reject the People's contention that any error by the court in summarily denying those parts of defendant's motion is harmless (*see People v Lloyd,* 66 NY2d 964, 965 [1985]; *People v Coles,* 62 NY2d 908, 910 [1984]; *People v Grant,* 45 NY2d 366, 378-380 [1978]). Upon our review of the record, we conclude that a suppression hearing is required to determine the disputed issue of whether the pistol and bullets were seized in plain view as part of the lawful search of defendant's premises and upon defendant's admission that the pistol was not registered (*see generally Horton v California,* 496 US 128, 136-137 [1990]; *People v Roth,* 66 NY2d 688, 690 [1985]; *People v Robinson,* 144 AD2d 960 [1988]). Further, because the application for the warrant to search defendant's locker at work failed to establish probable cause to believe that evidence of a crime would be found therein, a hearing is required to determine the further disputed issue of whether defendant consented to the search of that locker. At that hearing, the People will bear the burden of establishing that defendant consented to the search and that his consent was voluntarily given (*see generally Bumper v North Carolina,* 391 US 543, 548-549 [1968]; *People v Gonzalez,* 39 NY2d 122, 128-129 [1976]). Thus, we reverse the judgment, vacate defendant's plea of guilty, and remit the matter to County Court for a suppression hearing consistent with our decision herein.

In light of our determination, it is unnecessary to consider defendant's remaining contentions. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.