■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEGAN L. SHIMBURSKI, Appellant. [61 NYS3d 419]—

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered June 20, 2016. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the seventh degree and tampering with physical evidence.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Cattaraugus County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and tampering with physical evidence (§ 215.40 [2]). Contrary

to defendant's contention, County Court did not err in refusing to suppress the drugs and drug paraphernalia seized by the police during the execution of a search warrant at defendant's residence.

Defendant contends that the search warrant was issued without probable cause. We reject that contention. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (*People v Bigelow*, 66 NY2d 417, 423 [1985], citing *People v McRay*, 51 NY2d 594, 602 [1980]). Here, the information supporting the application for the search warrant established that three criminal complaints were filed on March 31, 2014, by three different victims alleging that personal items had been stolen from their vehicles. One of the victims reported that his Dunkin Donuts gift card had been stolen. The police determined that at least two perpetrators were involved in all three complaints inasmuch as one perpetrator left a larger footprint than the other in the snow. The modus operandi of the perpetrators was to use the wooded areas and backyards of the victims' homes to conceal their approach and egress from the crime scenes. After the thefts, two men, one of whom was defendant's housemate and taller than the other, were observed using the stolen gift card to make purchases at two different Dunkin Donuts locations. We conclude that such information was sufficient to support a reasonable belief on the part of the police that evidence of the thefts could be found in defendant's residence (*see People v Pinkney*, 90 AD3d 1313, 1315 [2011]; *People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006]).

We reject defendant's further contention that the information possessed by the police was insufficient to support the search warrant because it established nothing more than her housemate's innocent presence at Dunkin Donuts with another man who was engaging in criminal activity, i.e., the use of the stolen gift card (*cf. People v Martin*, 32 NY2d 123, 125 [1973]; *People v LaDuke*, 206 AD2d 859, 860 [1994]). We conclude, rather, that the information established that defendant's housemate was not a mere innocent bystander but a participant in the use of the stolen gift card.

Defendant further contends that the court erred in denying her suppression motion without a hearing, noting that it is unclear what documents and testimony were before the issuing judge at the time the search warrant was granted. We reject

that contention. Defendant challenges only the facial sufficiency of the warrant application, and it is well established that a "challenge to the facial sufficiency of a written warrant application presents an issue of law that does not require a hearing, and the court properly determines the merits of such a challenge by reviewing the affidavits alone in order to determine whether they establish probable cause" (*People v Carlton*, 26 AD3d 738, 738 [2006] [internal quotation marks omitted]; *see People v Dunn*, 155 AD2d 75, 80-81 [1990], *affd* 77 NY2d 19 [1990], *cert denied* 501 US 1219 [1991]). In any event, we note that the issuing judge noted in his decision what information he reviewed when deciding whether there was probable cause. Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.